IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SIDNEY MARTS,
    Plaintiff,

vs.                                      Case No. 5:10cv143/RH/EMT

JOEY BASHFORD, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, commenced this action on June 7, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). He also filed a motion for leave to proceed in forma pauperis (Doc. 6). For the reasons that follow, this case should be dismissed.

    The in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As of the date Plaintiff filed this civil action, he had previously filed at least three cases in the federal courts which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff previously filed <u>Marts v. Chance</u>, Case Number 3:08cv537/MCR/MD, a civil rights action, in the Northern District of Florida, which was dismissed on January 28, 2009 as malicious. In addition, Plaintiff's appeal in <u>Marts v. Chance</u>, Eleventh Circuit Court of Appeals' Case Number 09-10648-H, was dismissed on April 23, 2009 as frivolous. Finally, Plaintiff's mandamus action filed in the Eleventh Circuit, <u>In Re: Sidney Marts</u>, Case

Number 09-11274-J, was dismissed on June 3, 2009 as frivolous. Plaintiff was incarcerated at the time of filing each of the foregoing actions. Each action was dismissed prior to Plaintiff's filing the instant complaint. Moreover, the Eleventh Circuit declared Plaintiff a "three-striker" in In Re: Sidney Marts, Case Number 09-11274-J, pursuant to 28 U.S.C. § 1915(g). Thus, by the time Plaintiff brought the instant action, he knew he had three strikes and could not proceed in forma pauperis.[1]

The only issue thus remaining before the court is whether Plaintiff is entitled to proceed in forma pauperis under the "imminent danger of serious physical injury" exception to § 1915(g). Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and

---

[1] A copy of the Eleventh Circuit's opinion was mailed to Plaintiff on June 3, 2009 (*see* attached).

Case No.: 5:10cv143/RH/EMT

available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering any ongoing physical injury, or that he is in imminent danger of serious physical injury. Plaintiff complains that he and other Muslim inmates at Jackson Correctional Institution are being denied their rights to practice their religion under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) because they are required to share prayer services without a religious sponsor and are forced to share religious services with inmates who practice the Islam faith (Doc. 4 at 13–16, 20).[2] He additionally claims Defendants violated his right under the First and Fourteenth Amendments by filing false disciplinary reports against him and confiscating his legal work in retaliation for his filing grievances and court actions regarding the alleged violations of his "religious rights" (*id.* at 16–20). Plaintiff does not allege that he suffered any physical injury as a result of the alleged false disciplinary reports, confiscation of legal materials, or deprivation of his "religious rights," nor do the facts suggest that Defendants' alleged conduct poses a risk of any physical injury. Therefore, Plaintiff's allegations are insufficient to satisfy the "imminent danger" exception to § 1915(g)'s "three strikes" rule.

Because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case must be dismissed under § 1915(g). Plaintiff should not be provided an opportunity to pay the filing fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Case No.: 5:10cv143/RH/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2. That all pending motions be **DENIED AS MOOT**.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of July 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**